**LOVELL MANUFACTURING, A DIVISION OF PATTERSON-ERIE CORPORATION, Plaintiff,**

v.

**EXPORT–IMPORT BANK OF the UNITED STATES, et al., Defendants.**

**Civ. A. No. 84–143 ERIE.**

United States District Court, W.D. Pennsylvania.

Jan. 3, 1985.

John W. Beatty, Knox, Graham, McLaughlin, Gornall & Sennett, Inc., Erie, Pa., for plaintiff.

Richard M. Daly, Fried, Frank, Harris, Shriver & Kampelman, Washington, D.C., William J. Schaaf, Marsh, Spaeder, Bauer, Spaeder & Schaaf, Erie, Pa., for defendants Member Companies and the Foreign Credit Ins. Ass'n.

Donald E. Lewis, Asst. U.S. Atty., Erie, Pa., Debra L. Kasper, J. Christopher Kohn, Robert M. Hollis, Attys., Civil Div., Dept. of Justice, Washington, D.C., for defendant Export-Import Bank of the U.S.

## OPINION

WEBER, District Judge.

This case is again before the court on renewed cross-motions for summary judgment. A narrowing of the issues has been achieved since the prior motions were decided and additional evidentiary material supplied. Thus, our earlier order and opinion dated November 9, 1984 denying summary judgment due to disputed factual issues may now be reconsidered.

In the November 9, 1984 opinion we did find the guarantee not to be unconditional, but the plaintiff's contentions of waiver and estoppel could not be summarily determined. We now believe that they can.

The issues are narrowed by plaintiff's withdrawal of its claim under the Political Risks coverage of the policies and proceeding solely under the Commercial Credit Risk coverage. Defendants on their part now concede that Foreign Credit Insurance Association (FCIA) received copies of the Ceteco letter of guaranty of July 25, 1980, upon which plaintiff bases its waiver and estoppel argument.

We held in our earlier ruling that defendants had not supplied sufficient evidence to establish that FCIA acted as the agent of Eximbank for the purposes of Commercial Credit Risk Coverage. The import of this finding was its effect on plaintiff's argument of waiver and estoppel. We held in the November 9, 1984 opinion that as to the Political Risk insured by Eximbank, a governmental agency, only extraordinary circumstances, neither alleged nor present here, would support the defense of estoppel or waiver against the government. *Heckler v. Community Health Services,* ——— U.S. ———, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984); *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 388, 68 S.Ct. 1, 5, 92 L.Ed. 10 (1947). As to FCIA, however, with respect to Commercial Risks, plaintiff argued that estoppel standards applicable to an ordinary private insurer would apply, because FCIA is an unincorporated association of private insurance companies. Without then deciding the status of FCIA because of the lack of sufficient evidence, we noted our agreement with this argument at that time.

Defendants' renewed motion supplies affidavits and documents to prove the status of FCIA as an agency of Eximbank, the governmental organization operating the program, proof of which was inadequate to support the first motion.

Parenthetically, plaintiff moves to strike the affidavits on the grounds, inter alia, that neither of the affiants was listed as a witness on any pretrial narratives filed by defendants. This ground is not applicable because the pretrial narratives only govern the conduct of trial, and have no relation to the summary judgment motions before us. The motion to strike on that ground is denied. The remainder of the motion to strike deals with the probative effect of the affidavit, with which we shall deal later.

The affidavits supplied by defendants' renewed motion solely show the basis of the personal knowledge of the affiants and

the authenticity of the documents attached. Plaintiff does not dispute their personal knowledge or the authenticity of the documents.

Defendants supply reinsurance agreements dated October 1, 1977 and September 23, 1983 which make it clear that even the Commercial Credit Risk coverage, of which defendant FCIA is sole insurer, is a heavily subsidized insurance endeavor in which the government assumes the major part of the risk involved. We therefore conclude that, in this instance, FCIA was acting as a government agent, and that the higher standard for establishing estoppel against the government applies. *Federal Crop Insurance Corporation v. Merrill,* 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947); *Schweiker v. Hansen,* 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981). We do not find that plaintiff has shown the sort of extraordinary circumstances or affirmative misconduct that is necessary in order to establish estoppel against FCIA as a government agency. We therefore grant summary judgment in favor of defendants in this action, and dismiss the case.